# Morgan *v.* Gamble, Appellant.

*Appeals—Assignments of error—Charge—Points.*

1. An assignment of error to a portion of the charge which fails to quote the portion of the charge of which complaint is made, violates rule 30, and will not be considered.

2. Assignments of error to answers to points, which do not set out the answers violate rule 30, and will not be considered.

*Contract—Building contract—Failure to comply with specifications.*

3. Where a contractor of a building agrees to construct two gas lines, one for natural gas, and one for artificial gas, he will not be relieved from constructing both lines, because artificial gas was not in use in the town in which the building was being constructed.

4. Where a building contractor agrees to put in a particular flue lining, and to use a particular kind of paint for tin work, he will not be excused from using the specified lining and the particular paint designated, because the lining and the paint which he did use were equally as good as those for which the contract called.

5. Where a building contractor agrees to lay an extra strong lead water pipe, and he substitutes therefor an iron pipe, he will be required to allow to the owners in a suit upon the contract, not the difference between the iron and lead pipes, but the cost of laying a lead pipe as provided in the agreement.

6. Where a building contract provides that the owners may retain out of any payment due the contractor the amount of any lien or claim, for which the owner of the premises may become liable, the contractor will be required to allow, in a suit on the contract, the amount of a mechanic's lien filed against the owner, and on which a scire facias had been issued.

7. In an action upon a building contract an amended statement of claim offered in evidence is properly rejected where there is no offer to show that the amended statement was in any way contradictory of anything that the plaintiff had stated in the original affidavit.

*Practice, C. P.—Amendments—Rules of court—Appeals.*

8. Where objection is made to the amendment of a statement of claim on the particular ground that it was contrary to the rule of court regulating amendments, and the lower court allows the amendment, the appellate court will not reverse the judgment because of other objections to the amendment raised for the first time on the appeal.

*Contract—Building contract—Performance.*

9. Where a building contract provides that the materials furnished

and work performed shall be to the satisfaction of the owner, it is the duty of the contractor to perform to the satisfaction of the owner, and if the owner's objections are real and genuine and not unreasonable or capricious, they must be sustained.

*Contract—Substantial performance—Province of court and jury.*

10. The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent or unimportant omissions or defects. It is incumbent on him who invokes this protection to present a case in which there has been no willful omission or departure from the terms of his contract. If he fails to do so, the question of substantial performance should not be submitted to the jury.

Argued Oct. 26, 1910. Appeal, No. 140, Oct. T., 1910, by defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 819, on verdict for plaintiff in case of E. S. Morgan v. P. T. Gamble and Emma M. Gamble. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Sci. fa. sur mechanic's claim. Before EVANS, J.

At the trial a witness for plaintiff was asked this question:

"Q. How many kinds of gas are there in the Borough of Avalon?"

Mr. Stevenson: Objected to as entirely incompetent and irrelevant. The contract called for two lines. It makes no difference how many kinds of gas.

Mr. Miller: If there was only one kind of gas, there was only necessity for one set of pipes.

The Court: I don't think that is material, however, I will hear the testimony.

Objection overruled.

Exception allowed and bill sealed. [2]

"A. Just one gas, that is the natural only."

Mr. Miller: "Q. Is there any other gas there at the present date? A. No, sir. Q. For which gas did you put the pipes in? A. For the natural. Q. And how far

had the general work on the house progressed when you put those gas pipes in? A. Well, just to a point where we had to put it before the floors were laid. Q. Had all the plastering and lathing been done? A. No plastering done at that time. Q. When did you put in the water pipes? A. At the same time—at the same time."

The Court: Well, would there be any reason why that house could not be piped for the other gas after it was completed?

"A. Yes, sir, the floors would have to be lifted. Q. Well, could it be done? A. Yes, sir, it could be done."

Mr. Miller: "Q. What would it cost to do that? A. Well, now I have not figured that at all. Q. What could you see with reference to the quality of the chimney?"

Mr. Stevenson: He admits there is no flue lining there. I renew my objection. What it would cost to put it in is immaterial and irrelevant.

Objection overruled.

To which ruling of the court counsel for the defendant requests an exception.

Exception allowed and bill sealed. [3]

Mr. Miller: "Q. As far as you could see? A. As far as I could see the chimneys are good chimneys. Q. Could flue linings be put in? There are only two chimneys. Could flue linings be put in those chimneys now? A. Well, the straight ones could. Q. The straight flues? A. Yes, sir. Q. Well, are they straight or are they not straight? A. I didn't examine them. I wasn't that close."

The defendant made the following offers:

"Q. What, if anything, was said or agreed upon between you and Mr. Morgan as to the dimensions to be followed in building this frame house? A. The frame house was to be put—"

Mr. Miller: I object to this as incompetent, irrelevant and immaterial. It is in the written contract.

The Court: What is the purpose of this testimony?

Mr. Stevenson: I propose to show by the witness on

the stand Mr. Morgan would not have gotten this contract unless he agreed to make a complete job of it, and that included the running of the water pipes and the sewer out to the street, and that it was expressly agreed that the dimensions to be followed for this frame house were to be the outside dimensions.

The Court: I sustain this objection.

Mr. Miller: Objected to as incompetent and irrelevant as attempting to vary a written contract.

Objection sustained.

To which ruling of court counsel for defendant requests an exception.

Exception allowed and bill sealed. [4]

"Q. What, if anything, was said, at the time, before the time the contract was given in regard to an architect?"

Objected to.

Objection sustained.

To which ruling of court counsel for defendant requests an exception.

Exception allowed and bill sealed. [5]

Mr. Stevenson: This contract states that it be done at the direction of Mrs. Gamble and there has been testimony here as to her being down there, and I propose to show that at the time and before the contract was signed Mrs. Gamble proposed to get an architect and that Mr. Morgan said to her, "It is not necessary."

Objected to as incompetent, irrelevant and immaterial.

Mr. Stevenson (to Charles W. Klicker): "Q. What would it cost to-day to put in a five-eighths-inch extra heavy lead pipe and run it under the ground to the point indicated on the plan as compared with the manner in which it has been put in, to-day?"

Mr. Miller: I object to that because this pipe is at present in use and the owners could have changed it.

Objection sustained.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [6]

Mr. Stevenson: "Q. Did you make any examination as to the cost of putting in the new line of gas pipe, or just the plumbing? A. Yes, sir, I did."

The Court: I told you yesterday that their measure of damages was the difference between the value of the pipe and the value of the lead pipe as called for by the specifications and not what it would cost to take it up and put in the other.

Mr. Stevenson: If the court please to make that the measure of damages there is no use taking up time proving it.

The Court: I told you that, and I give you an exception. [7]

Mr. Stevenson: I offer in evidence the record of a lien filed against Emma M. Gamble at No. 46, October Term, 1906; sci. fa. issued to No. 425, July Term, 1907; amount of claim, $34.50, with interest from March 31, 1906; costs taxed to date $10.12.

Mr. Miller: Objected to, as it has nothing to do with this case.

Mr. Stevenson: It is a lien filed by a subcontractor, and the contract provides that if the defendants have notice of any lien they are obliged to deduct it from the contract price.

Objection sustained.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [8]

Mr. Stevenson: I offer in evidence the amended affidavit of claim in this case, and the plaintiff's reply to specifications to set off, for the purpose of showing that the plaintiff, Morgan, after our affidavit of defense was filed, denies or sets up no alteration or change in the contract whatever.

Objected to.

Objection sustained.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [9]

A witness for the plaintiff was asked the following questions:

"Q. You did the tin painting in this house? A. Yes, sir. Q. What sort of paint did you use? A. Princess's Metallic paint. Q. That is not an Acme Anti-Rust paint. A. No, sir. Q. How does the quality of the paint you used compare with the paint known as Acme Anti-Rust paint?"

Mr. Stevenson: I object to the testimony, for the reason that the contract calls for Acme Anti-Rust paint and no reason has been shown why it was not put on.

Objection overruled.

To which ruling of the court counsel for defendants requests an exception.

Exception allowed and bill sealed. [10]

Verdict and judgment for plaintiff for $3,238.40. Defendants appealed.

*Errors assigned* were (1) allowance of amended statement of claim; (2–10) rulings on evidence, quoting the bill of exceptions; (11–20) various instructions.

*M. H. Stevenson*, for appellants.—This amendment changed the issue and was in plain violation of sec. 51, Act of June 4, 1901, P. L. 431.

It has been repeatedly held that the doctrine of substantial performance covers defects or omissions only if slight or unintentional: Hayward v. Leonard, 24 Mass. 180; Anderson v. Petereit, 93 N. Y. Sup. Ct. 600; Liggett v. Smith, 3 Watts, 331; Wilhelm v. Caul, 2 W. & S. 26; Chambers v. Jaynes, 4 Pa. 39; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Sticker v. Overpeck, 127 Pa. 446; Gallagher v. Sharpless, 134 Pa. 134; Phila. v. Pemberton, 208 Pa. 214; Zimmermann v. Jourgensen, 77 N. Y. Sup. Ct. 222; Woodward v. Fuller, 80 N. Y. 312.

While work done under a contract which stipulates that it is to be satisfactory to one of the parties cannot

be rejected from mere caprice, still a bona fide objection is a good defense to an action thereon, and it is not sufficient to show that such party ought to have been satisfied: Singerly v. Thayer, 108 Pa. 291; Krum v. Mersher, 116 Pa. 17; Seeley v. Welles, 120 Pa. 69; Sidney School Fur. Co. v. School Dist., 130 Pa. 76; Stutz v. Coal & Coke Co., 131 Pa. 267; Howard v. Smedley, 140 Pa. 81; Kennedy v. Poor, 151 Pa. 472; Delahunty Dyeing Machine Co. v. Knitting Mills, 19 Pa. Superior Ct. 501; Meacham v. Gardner, 27 Pa. Superior Ct. 296; McNally v. Jenkinson, 35 Pa. Superior Ct. 288.

*Frederic W. Miller*, of *Robb & Miller*, for appellee, cited on the question of substantial performance: Liggett v. Smith, 3 Watts, 331.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

This case comes before us in a very unsatisfactory condition. Some of the material and most important questions cannot be reviewed because the assignments of error are in violation of the rules of court. We have said time and again that such assignments will not be considered. We have twenty-one assignments presented for consideration, less than one-half of which would have been entirely sufficient to raise all the material questions in the case. Had the time required for the preparation of these assignments been devoted to the preparation of the lesser number, there can be little doubt that the rules of court would have been observed and the important questions would have been properly presented for review.

The fifteenth assignment violates rule 30 in failing to quote the part of the charge assigned for error, and assignments sixteen to twenty inclusive violate the same rule in omitting to quote the answers to the points. Assignments seventeen to twenty must also be dismissed because the points for charge request binding instructions.

This was a scire facias on a mechanic's claim to enforce the payment of a balance alleged to be due the

plaintiff for the construction of a house in Avalon borough, Allegheny county. The work was done under a written contract, the first article of which provides that "the contractor under the direction and to the satisfaction of the owner . . . . shall and will provide all the materials and perform all the work mentioned in the specifications." The defense was that the plaintiff had not completed the work to the satisfaction of the owner or in substantial compliance with the contract. The trial resulted in a verdict for the plaintiff for the amount of the claim with a deduction of about $250 besides the credits admitted.

The second, third and tenth assignments and the objection to the parts of the charge bearing on the matters therein contained must be sustained. It was wholly immaterial how many kinds of gas there were in the borough of Avalon. The contract specifically provided that the contractor should construct the two gas lines and the fact that artificial gas was not in use in Avalon did not relieve him from this stipulation of the agreement. For the same reason the testimony should have been excluded as to the flue linings in the chimneys. The contract required the plaintiff to put the flue lining in, and it was conceded that he had not done so, nor were there any reasons given why he did not comply with this part of his agreement. The contract also provided that Acme Anti-Rust paint should be used for the tin painting, but in direct violation of this provision of the agreement the plaintiff used Princess's Metallic paint. He does not assign any reason for a change in the paint but offered and was permitted to show on the trial that the paint he used was as good as that provided in the agreement. The defendants had a right to insist upon the substantial performance of these express stipulations of the contract and the plaintiff was not relieved from this duty by reason of the fact that there was only one kind of gas in the borough, that a differently constructed chimney was equally as good as that stipulated for, or that the paint used by

the plaintiff was of the same or a better quality than that provided in the agreement. As said by Mr. Justice STER-RETT in Gillespie Tool Co. v. Wilson, 123 Pa. 19, 26: "In neither of these particulars, nor in any other respect, was there any serious difficulty in the way of completing the work in strict accordance with the terms of the agreement." The question was not whether one gas line and a different flue lining and paint would answer as well as those required by the agreement, but whether the work done and materials furnished were a substantial performance of the contract.

The fourth assignment must be dismissed. The offer made by the counsel for the defendants, in addition to what otherwise might have been competent, included matter which tended to contradict that part of the written agreement which, it was not pretended, had been altered or changed by the parties.

The fifth assignment is not sustained. The matter proposed to be proved was entirely immaterial. It could not affect the case in any way. The fact, if it be a fact, that Mr. Morgan suggested to Mrs. Gamble that an architect was unnecessary does not change his liability on his contract under the facts of the case as disclosed by the evidence.

The evidence, the rejection of which is complained of in the sixth assignment, should have been received. The contract provides that the plaintiff shall lay an extra strong lead water pipe, and the contractor substituted an iron pipe. Unless we hold that the contractor had the right to thus change the specific stipulation in the agreement and use his own judgment instead of that of the defendants as to the pipe to be laid, we must require him to pay to the defendants, not the difference between the iron and lead pipes, but the cost of laying a lead pipe as provided in the agreement. This is the proper measure of damages: Wade v. Haycock, 25 Pa. 382; Sticker v. Overpeck, 127 Pa. 446. The same principle sustains the seventh assignment.

The contract provides that the owner may retain out of any payment due the contractor the amount of any lien or claim for which the owner of the premises may become liable. The defendants offered in evidence the record of a lien filed against Mrs. Gamble and on which a scire facias had been issued. The court rejected the offer, for what reason does not appear, nor can we conceive. The eighth assignment is sustained.

The offer of the amended affidavit of claim, the rejection of which constitutes the ninth assignment of error, did not propose to show that it in any way was contradictory of anything that Morgan had stated in the original affidavit. Had it done so the evidence would have been competent: 2 Wigmore on Evidence, sec. 1067. The assignment is dismissed.

The defendants' objection to the amendment of the affidavit of claim was manifestly not made on the ground that it offended the mechanic's lien law, but that it was contrary to the rule of court regulating amendments. We must rule on the specific objection made at the trial: Danley v. Danley, 179 Pa. 170. If the objections now taken to the amendment had been made in the court below at the time they were offered, we would have a different question before us. Possibly the learned judge would have ruled differently had those objections been made. The court below is the best judge of its own rules and, seeing no plain error in allowing the amendment, the first assignment must be overruled.

We do not deem it necessary to notice specially any of the other assignments of error. As, however, the case goes back for a retrial, it may not be out of place to suggest that over and beyond the question of substantial performance is whether the contract was complied with to the satisfaction of the owner. That question seems to have been lost sight of in the trial of the cause. The reason may be attributable to the manner in which the defendants' case was presented. The contract provides that the contractor shall furnish all the materials and

perform all the work to the satisfaction of the owner. We have uniformly upheld such contracts and required their observance. Under a contract of that character it is the duty of the contractor to perform to the satisfaction of the owner, and that is the standard by which the sufficiency of the work is to be tested. It is not for the court or the jury to determine whether the work is being done in compliance therewith, but solely for the owner to determine, and with his decision the contractor must comply. Of course the dissatisfaction of the owner which will defeat a recovery by the contractor must be real and genuine and not one prompted by caprice or bad faith or for the purpose of evading payment of the balance due the contractor. If the objections made by the owner are bona fide and not unreasonable or capricious they must be sustained. The question is generally for the jury, but, the evidence may be such as to require the court to withdraw the case from the jury.

If, as the case is presented on the next trial, the question of substantial performance is to be determined, the court should give explicit instructions to the jury on the subject, defining clearly what is required to sustain a claim of that character. In Gillespie Tool Co. v. Wilson, 123 Pa. 19, this court, by STERRETT, J., said (p. 26): "The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent, or unimportant omissions or defects. It is incumbent on him who invokes this protection to present a case in which there has been no willful omission or departure from the terms of his contract. If he fails to do so, the question of substantial performance should not be submitted to the jury."

The defendants suggest the insufficiency of the charge in certain respects. If any specific instructions were desired, the court should have been requested to give them.

The good faith of the party in becoming dissatisfied with the contractor's work like the question of substantial performance is generally one for the jury, and requests for instruction on the subject should not always conclude by asking for binding instructions. Usually a case does not turn on a single proposition and unless it does and that is controlling, a point should not conclude with a request for binding instructions. On the trial below, the defendants seem to contest the plaintiff's claim on the ground of their dissatisfaction with the work done and materials furnished and because of the failure to complete the work in substantial compliance with the contract. As the case was presented, we cannot say that both questions were not for the jury.

The judgment is reversed with a venire facias de novo.