# Campbell Coal & Coke Co., Appellant, *v.* Pennsylvania R. R. Co.

*Contracts—Facts—Satisfaction of one of the parties.*

Where a contract provides that one of the parties to it shall not be liable unless a specified fact is established to his satisfaction, there can be no recovery against him unless he is satisfied as to that fact, or his dissatisfaction is arbitrary or capricious.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 160, Jan. T., 1928, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1925, No. 13019, for defendant n. o. v., in case of Campbell Coal & Coke Co. v. Pennsylvania Railroad Co. Affirmed.

Assumpsit on contract. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*Henry Spalding,* of *Fell & Spalding,* for appellant.

*Francis B. Biddle,* of *Barnes, Biddle & Morris,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 7, 1928:

Plaintiff shipped coal over defendant's railroad, paying the full rates specified in the applicable tariff, which also provided that "Upon evidence satisfactory to [defendant] that coal shipped hereunder has been placed in naval vessels of the United States government, an allowance of 27 cents per gross ton out of the rates specified will be made on such coal." Claiming that part of its shipments had been placed in such naval vessels, plaintiff sued to recover back the 27 cents per gross ton thereon, without averring or proving that defendant was satisfied in regard to this alleged fact, or that its dissatisfaction was arbitrary or capricious.

From Singerly v. Thayer, 108 Pa. 291, to Jessup & Moore Paper Co. v. Bryant Paper Co., 283 Pa. 434, we have consistently held that, in this class of contracts, no recovery can be had unless one or the other of these

factors appears.  The rule is thus expressed in the earlier decision, at pages 297, 298: "The manifest import and meaning of the language used is that it should be satisfactory to him.......He did not agree to accept what might be satisfactory to others but what was satisfactory to himself.  This was a fact which the contract gave him the right to decide.......[But] to justify a refusal to accept......on the ground that it is not satisfactory, the objection should be made in good faith. It must not be merely capricious."

In the instant case it was frankly admitted that the evidence would not justify a finding that defendant's dissatisfaction was arbitrary or capricious; on the contrary the record conclusively establishes that it was not.

The judgment of the court below is affirmed.