Hannum *v.* New Amsterdam Casualty Company, Appellant.

Argued January 5, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert C. Fable, Jr.,* with him *Raymond A. White, Jr.,* for appellant.

*Rowland C. Evans, Jr.,* of *Krusen, Evans & Shaw,* and *Edwin Longcope,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1939:

Defendant appeals from judgment in assumpsit for $2,912.50 and interest, claimed as damages resulting from defendant's conversion of shares of stock deposited by plaintiff with defendant as counter indemnity. To stay execution on a tax assessment of $1,406.97, made against plaintiff under section 273 of the Revenue Act of 1926, plaintiff and defendant executed and delivered their bond to W. J. Rothensies as Collector of Internal Revenue, the bond running to him "or to any of his successors in office." It was conditioned[1] for the payment of $1,406.97 or so much thereof as might not be abated according to law.

---

[1] ". . . . if the said principal shall well and truly observe and comply with all of the provisions of law and regulations made pursuant thereto for the payment of the amount so assessed and stayed and shall duly pay to the said Collector of Internal Revenue or to any of his successors in office, on notice and demand therefor, the amount so assessed and stayed, or such portion thereof as is not abated as the result of a decision of the United States Board of Tax Appeals, which has become final, plus any interest provided by law, or if no petition is filed with the United States Board of Tax Appeals by said principal within the time prescribed by law, the said principal shall duly pay to the said Collector of Internal Revenue or to any of his successors in office, on notice and demand therefor, the amount of the assessment stayed by this bond plus any interest provided by law: Then this obligation is to be null and void, but otherwise to remain in full force, virtue, and effect."

The statement of claim averred that on the 24th of September, 1937, plaintiff paid to the Collector the sum of $1,416.03, representing principal and interest; that payment of $979.46 of the total was made by credit obtained by certificates of over-assessment during eight years between 1921 and 1930; that liability on the bond was thereby terminated, but that defendant had nevertheless refused to comply with plaintiff's demand for the return of the collateral deposited. Plaintiff also averred that by letter attached to the statement, dated October 1, 1937, the Collector of Internal Revenue had "notified the Defendant of the termination of its liability as surety under said bond."[2]

Defendant, in its affidavit of defense, denied that the credit given to plaintiff by means of the certificates of over-assessment, constituted payment, and therefore denied that defendant's liability upon the said bond had terminated.

The court below entered judgment for the plaintiff for want of a sufficient affidavit of defense.

---

[2]
TREASURY DEPARTMENT
Internal Revenue Service
Philadelphia, Pa.
October 1, 1937

New Amsterdam Casualty Company,
  432 Chestnut St.,
    Phila., Pa.
Sirs:
Reference is made to income and profits tax bond filed with this office in the penal sum of $3,000.00 in the name of R. L. Hannum as principal and your company as surety, on Form 1129, to cover income taxes for the years 1921 and 1924 to 1930 inclusive.

Inasmuch as the tax liabilities of R. L. Hannum and Emma L. Hannum (husband and wife) have been settled by the Commissioner of Internal Revenue, the bond is released, but will be retained in the files of this office.

Respectfully,
(sgd.) W. J. ROTHENSIES
Collector.

The defense averred is that, although the Collector says plaintiff has paid the tax and satisfied the condition of the bond, the Collector is mistaken because $979.46 was credited by "certificates of over-assessment"[3] issued for overpayment in specified earlier years. In support of that position counsel for defendant say—"Of course, the letter from the Collector (Exhibit C, Record, 31a), states that the jeopardy assessment was 'settled by the Commissioner of Internal Revenue,' but under the *Botany Worsted Mills Case* [278 U. S. 282] (supra) this is immaterial, since the 'advice and consent of the Secretary' was not obtained." There is nothing in the record to support the contention; the presumption[4] is that the Commissioner[5] did his duty.

Defendant has pointed out no infirmity in the action of the taxing authorities;[6] if any existed, defendant should have averred what it was; the contract requirement[7] that defendant shall be satisfied that liability has terminated also required that defendant act in good faith: *Morgan v. Gamble,* 230 Pa. 165, 175, 79 A. 410.

The judgment is affirmed.

---

[3] See Section 1111, Revenue Act of 1926, 44 Stat. 115, as amended, 45 Stat. 878, and Treasury Regulations, Art. 322-2.

[4] See *Nofire v. United States,* 164 U. S. 657, 660.

[5] His authority was considered in *Pottstown Iron Co. v. United States,* 282 U. S. 479.

[6] Compare *Heinemann Chemical Co. v. United States,* 92 F. (2d) 302.

[7] "The company shall, upon being furnished at its Executive Office, with competent evidence satisfactory to it of the full termination of its liability under every and all bonds described or referred to in the first and second recitals hereof, and upon the cessation in its opinion of all other occasion for the exercise of any authority granted to it in paragraph numbered First hereof, and subject to paragraph numbered Seventh hereof, return all collateral then held hereunder to the Owner or other person by him legally authorized to receive the same upon the surrender of this instrument with a receipt endorsed hereon."