Charles A. Klinges, Inc., Appellant, *v.* Camblos Construction Corp.

586

Argued December 14, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*Gordon Cavanaugh*, with him *Cavanaugh, Murphy & Kalodner*, for appellant.

*Robert S. Ryan,* with him *Drinker, Biddle & Reath,* for garnishee, appellee.

OPINION BY WATKINS, J., March 22, 1961:

This is an appeal from the order of the Municipal Court of Philadelphia dismissing appellant's motion for judgment on the pleadings against the garnishee. The appeal was submitted on an agreed statement of facts which are as follows:

On August 21, 1958, the Trustees of the University of Pennsylvania (hereinafter called Trustees), garnishee in the court below, entered a contract with Camblos Construction Corporation (hereinafter called "Camblos") under which Camblos agreed to perform certain repairs and renovations to a fraternity house at the university. The work was completed more than a year ago. Appellant, Charles A. Klinges, Inc. (hereinafter called "Klinges") performed work at the fraternity house under a subcontract with Camblos.

On July 18, 1960, judgment was entered against Camblos in the present proceedings in favor of Klinges for the unpaid balance due under said subcontract in the sum of $1,059.49, with interest and costs. Klinges then issued a writ of attachment execution on the basis of his aforementioned judgment against the Trustees as garnishee, seeking to attach certain monies held by the Trustees as retention payments under the Trustees' aforementioned contract with Camblos.

In response to interrogatories served on the Trustees by Klinges, the Trustees admitted that they held the sum of $2,758.10 payable to Camblos under the aforementioned prime contract. However, the Trustees claimed in their Answers to Interrogatories that said sum was not presently due and owing for the reason that Camblos had failed to provide the garnishee with releases of liens or evidences of payment

to subcontractors or bonds of indemnity required under Article 16 of the contract between the Trustees and Camblos.

Article 16 of the contract referred to provides: "Article 16. Liens—The final payment shall not be due until the Contractor has delivered to the Owner a complete release of all liens arising out of this contract, or receipts in full covering all labor and materials for which a lien could be filed, or a bond satisfactory to the Owner indemnifying him against any lien."

The Trustees also set forth in their Answers to Interrogatories, under New Matter, that, prior to the service of the writ of attachment execution, they had been notified that other subcontractors of Camblos had not been fully paid. Such alleged claims, including that of the appellant, totalled $7,270.05.

The appellant Klinges filed a Reply to the New Matter alleging, in substance, that the fact that other subcontractors may have been unpaid by Camblos was irrelevant, since said subcontractors had no lien, attachment or claim against the funds which had been attached by the present appellant and since said subcontractors could assert no direct claim against the garnishee, having no contractual relationship with the Trustees and the statutory period for filing mechanics' liens having expired.

Thereafter, the pleadings being closed, Klinges filed a motion for judgment on the pleadings against garnishee, pursuant to Pa. R. C. P. 1275 and 1278, to which the Trustees filed answers. The motion was argued before Judge FRANCIS F. BURCH of the court below, who dismissed it. The present appeal followed.

It is conceded by all that when the subject funds were attached by the appellant no mechanics' liens claims could have been filed against the Trustees since

the statute of limitations for such claims had previously expired.

The appellant, as judgment creditor of Camblos, succeeds to no greater right than Camblos had against the University. Any defense which would have been available to the University in a suit initiated by Camblos is equally available to it in the present action. *Austin-Nichols Co. v. Union Trust Co.*, 289 Pa. 341, 137 A. 461 (1927).

The main defense relied upon by the garnishee is that Camblos, under Article 16 of the contract, did not deliver to the garnishee a complete release of all liens arising out of this contract, or receipts in full covering all labor and materials for which a lien could be filed, or a bond satisfactory to the owner indemnifying him against any lien. This position is untenable for the reason that Camblos could have filed a mechanics' lien if action was taken in due time and had the amount reduced to certainty on a Sci. Fa. action. As was said by Mr. Chief Justice PAXSON, in *Moore v. Carter*, 146 Pa. 492, 501, 23 A. 243 (1892):
"The contract in evidence required releases from all contractors furnishing materials, to be produced at the time of the completion of the building, and before the payment under the contract was to be made. At the time the claim was filed and the scire facias issued, there were upon the records certain liens filed by material-men, and it was claimed by the defendants that no right of action accrued until these liens had been satisfied. Upon the trial below, the plaintiff offered a release of these liens in evidence, and they were admitted under exception by the defendants. We think the releases were properly admitted. Although payment under the contract could not be compelled, there was nothing in its terms to deprive the plaintiff of the security of his lien under the act of assembly. He had a right to file his claim, there-

fore, and we see no reason why he might not proceed by scire facias to liquidate the amount due thereon. It is true, the court below would restrain an execution under such circumstances, until the liens were paid and satisfied. This is the proper practice."

If in the above cited situation where liens have been entered of record the creditor contractor could proceed with the filing of his mechanics' lien and the determination of the amount due thereon and enforce payment upon satisfaction of the lien, in the instant case, where no liens have been filed and the statute of limitations would bar the filing of any mechanics' lien, and where the intended protection of the article inserted in the contract has been fully guaranteed by the passage of time, Camblos could have instituted an action of assumpsit, recovered judgment and proceeded to enforce the same. This being true, the appellant standing in the shoes of Camblos, who had recovered his judgment against him, and attached the sum in the hands of the garnishee, his right to payment by the garnishee is clear.

The appellees and the court below apparently relied heavily on the case of *Halowich v. Amminiti*, 190 Pa. Superior Ct. 314, 154 A. 2d 406 (1959), which was a per curiam opinion affirming the lower court, which case was reported in 18 Pa. D. & C. 2d 306. This opinion of the court below was properly affirmed on the ground that a written agreement was insufficient, by reason of its being too indefinite and uncertain, to permit plaintiffs to recover generally, however, the second reason given by the court below that plaintiffs could not recover, as to the final installment, because they had not delivered to plaintiffs a release of all liens at the time they filed their lien, is a mis-statement of the law as it existed at that time. This portion of the opinion was not drawn to the attention of the Court and it should be clearly under-

stood at this time that the ruling of the Supreme Court in *Moore v. Carter,* supra, is the controlling law on this point.

A further reason why Camblos, the contractor, would be successful in an action against the garnishee is the doctrine of substantial performance. Since the appellee-garnishee, got full and complete performance of his contract, as is noted on the agreed statement of facts, and is in no danger of any claims or mechanics' liens being filed against him and is in no danger of any pecuniary or other loss, he should have paid Camblos, the contractor, the contract price for his work. Any other view would result in the forfeiture of appellant's labor and material for, what at most, can only be regarded as a trivial and inappreciable variation in the contract. As was said in *Morgan v. Gamble,* 230 Pa. 165, 79 A. 410 (1911) : "The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent, or unimportant omissions or defects." As was stated above, the appellee-garnishee has received all it could have hoped to receive under the terms of this contract, and stands in a position to lose nothing by the payment of this money. See also: *Sgarlat v. Griffith,* 349 Pa. 42, 36 A. 330 (1944) ; *Schlein v. Gross,* 186 Pa. Superior Ct. 618, 142 A. 2d 329 (1958).

The defense advanced that there are other subcontractors who have not been paid is likewise without merit. Any protection given the subcontractors by the insertion in the contract of the indemnifying clause would be purely incidental. The great weight of authority holds that even though bond had been given in this instance a claim by the subcontractor

against the surety could not stand, since the only real reason for its insertion in the contract is to protect the garnishee, the owner of the buildings, from the possibility of mechanics' liens being filed against the buildings by the subcontractors.

The same might be said for the reason propounded that payment should not be compelled because of the future possible bankruptcy of the contractor Camblos. This question is entirely irrelevant to the proceeding before us. The bankruptcy law contains sufficient guarantees for all creditors in the event of bankruptcy so that if there was a bankruptcy proceeding and the payment of these claims would constitute a preference, the fund could be pursued without injury to the garnishee.

Order reversed and judgment directed to be entered for the plaintiff on the pleadings.