## Coffey v. Property Holding Corporation

*Rawle & Henderson,* for plaintiff.

*R. Jere Bloche* and *William Marutani,* for defendant.

HIRSH, J., March 30, 1973.—This matter is before this court on plaintiff's motion for summary judgment directed against Commonwealth Land Title Insurance Company, garnishee (hereafter referred to as title company).

On May 7, 1969, settlement for the sale of the premises at 1604 Walnut Street, Philadelphia, Pa., occurred in the office of title company. In conjunction with that settlement, title company was authorized to withhold from the seller, Property Holding Corporation, the sum of $5,000. This money was to be held by title company in an escrow account subject to the condition that Property Holding Corporation deliver a Bulk Sales Clearance Certificate to title company within two years. This certificate must be procured from the Commonwealth's Department of Revenue by every corporation which sells 50 percent or more of its

goods or capital assets by a bulk sale. Furthermore, this certificate is evidence that all State taxes have been paid and it must be presented to the purchaser before the sale or the purchaser will be held liable to the Commonwealth for any unpaid taxes: Act of April 9, 1929, P.L. 343, sec. 1403, as amended, 72 PS §1403 (hereafter referred to as Bulk Sales Clearance Act). The $5,000 escrow agreement was an attempt by title company to protect itself from liability under this act. If the seller does not subsequently deliver the Bulk Sales Clearance Certificate, the purchaser of the Walnut Street property would be liable to the Commonwealth for the unpaid taxes. The purchaser, in turn, could then recover from title company because it had insured the quality of the property's title. Therefore, this $5,000 escrow account was designed to cover any possible liability of title company which might arise from the Bulk Sales Clearance Act. However, after the settlement, plaintiff secured a $15,000 judgment against Property Holding Corporation. Plaintiff had served as Property Holding Corporation's broker for the sale of the Walnut Street property, and claimed $15,000 as the fee for his brokerage services. In execution of this judgment, plaintiff subsequently attached the $5,000 escrow account held by title company, the garnishee. The escrow agreement provided that upon delivery of the Bulk Sales Clearance Certificate by the seller, Property Holding Corporation, the $5,000 would be paid to R. Jere Bloche, attorney for Property Holding Corporation. By this court's order of June 2, 1972, R. Jere Bloche was prohibited from contesting the claims of plaintiff against title company. Because of this order, plaintiff has moved for summary judgment, contending that since R. Jere Bloche has been prohibited from receiving any of the money, plaintiff as garnisher is the only one entitled to the $5,000. Title

company objected and argued that until the Bulk Sales Clearance Certificate is presented, the escrow account should not be distributed to the garnisher-plaintiff.

This court recognizes that title company is seeking to protect its interest by preventing the disbursement of the escrow funds before it receives a Bulk Sales Clearance Certificate. Until that certificate is presented, any unpaid taxes are the liability of the purchaser and its insurer. Therefore, Property Holding Corporation would not be entitled to the full $5,000 until it delivered the certificate. Since plaintiff-garnisher's rights cannot rise any higher than those which the debtor has against the garnishee, the garnisher is also not entitled to the full $5,000: Charles A. Klinges, Inc. v. Camblos Construction Corp., 194 Pa. Superior Ct. 585 (1961), and Austin-Nichols & Co., Inc. v. Union Trust Co., 289 Pa. 341 (1927). Furthermore, Property Holding Corporation has no right to the escrow fund because of the provision in the escrow agreement which provides that the funds in the escrow account shall be paid to Property Holding Corporation within two years. Plaintiff argues that the escrow agreement is self-executing because of this provision and that the $5,000 is payable to Property Holding Corporation even if the Bulk Sales Clearance Certificate is not delivered. Clearly, the escrow fund was not meant to be self-executing because such a conclusion would do violence to the very essence of the escrow agreement. This agreement was designed to protect the purchaser and its insurer from liability to the Commonwealth for unpaid taxes. To hold that it was self-executing, this court would have to conclude that Property Holding Corporation could wait more than two years, then collect its $5,000 and let the Commonwealth collect the taxes from the purchaser or its insurer. This court cannot accept such a conclusion as being within the intent of the escrow agreement. Furthermore, the

agreement provides for a one percent penalty if the seller, Property Holding Corporation, fails to fulfill its obligations under the agreement within two years, namely the delivery of the Bulk Sales Clearance Certificate. This penalty provision further supports this court's conclusion that the escrow account was not intended to be self-executing, and that plaintiff, consequently, has no claim to the full $5,000. Alternatively, plaintiff argues that if he is not entitled to the full $5,000, then he is at least entitled to the $5,000 minus title company's maximum liability under the Bulk Sales Clearance Act. Plaintiff rightfully claims that after the taxes are paid, any balance in the escrow account is payable to Property Holding Corporation and, therefore, payable to its garnisher. To determine title company's liability, plaintiff secured a certificate of tax liens from the Commonwealth against the seller, Property Holding Corporation, in the amount of $950. This certificate is attached to plaintiff's motion for summary judgment and reflects an amount which is binding on the Commonwealth: Zerbe Township School District v. Lark, 64 D. & C. 504 (1948). Therefore, the maximum liability of title company under the Bulk Sales Clearance Act is $950. Added to this liability is title company's claim of $50 under the escrow agreement as the one percent penalty on the seller for its failure to deliver the Bulk Sales Clearance Certificate within two years. Consequently, this court orders that plaintiff as garnisher is entitled to the escrow fund minus $1,000, or $4,000.

Accordingly, it is therefore ordered and decreed that Commonwealth Land Title Insurance Company pay and discharge all outstanding tax liens owing to the Commonwealth of Pennsylvania and any interest and penalties due thereon and that summary judgment in the garnishment proceeding shall be entered in favor of plaintiff for the balance then remaining.